UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/10
```

RUPERTO RUIZ,
*individually and on behalf of others similarly situated,*

                Plaintiff,

-v-

EL PASO TAQUERIA CORP., *et al.*,

                Defendants.

No. 09 Civ. 10575 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On March 1, 2010, Defendants requested leave to file a motion to dismiss Plaintiff's complaint, which included minimum wage claims under the Fair Labor Standards Act ("FLSA") and New York law, because Plaintiff's pleading included an admission that he was paid more than the minimum wage. At the March 10, 2010 conference, the Court granted Plaintiff leave to amend his complaint to cure the defective pleading of his minimum wage claims, and Plaintiff filed the first amended complaint (the "FAC") on March 19, 2010. In their April 15, 2010 pre-motion letter, Defendants renewed their request to file a motion to dismiss because the FAC failed to cure the complaint's defects. The Court is now in receipt of Plaintiff's affidavit and letter, both dated April 21, 2010, responding to Defendants' (second) pre-motion letter. Much like the FAC, Plaintiff's affidavit and letter do nothing to cure the defects of Plaintiff's minimum wage claims.

    The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). "In collective actions, courts in this circuit frequently follow a two-stage certification process. . . . At the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *Morales v. Plantworks, Inc.*, No. 05 civ. 2349 (DC), 2006

U.S. Dist. Lexis 4267, *2-3 (S.D.N.Y. February 1, 2006) (internal citations omitted). Although "the FSLA does not define the standard for 'similarly situated,' [c]ourts in this [c]ircuit require the Plaintiff to make only a 'modest factual showing' that the plaintiff(s) and potential collective action members were victims of a common policy or plan that violated the law." *Mendoza v. Casa De Cambio Delgardo, Inc.*, No. 07 civ. 2579 (HB), 2008 U.S. Dist. Lexis 27519, at *4 (S.D.N.Y. April 7, 2008). With respect to his minimum wage allegations, Plaintiff would certainly fail to meet this modest burden because he cannot demonstrate a nexus between his claims and those of the putative class. Specifically, Plaintiff cannot maintain a nexus with putative class members who may have been paid less than the minimum wage because he explicitly acknowledges that was paid *more* than the minimum wage. (FAC ¶¶ 53-56.) Accordingly, it would be impossible for Plaintiff to move past the first stage of certification on his FSLA minimum wage claim.

Because, by his own admission, Plaintiff was paid more than the minimum wage, he likewise has no basis for asserting any minimum wage claim under the New York law. Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss with respect to Plaintiff's minimum wage claims is GRANTED. Specifically, Plaintiff's first and third causes of action are DISMISSED.

With respect to the remaining claims, the parties are directed to proceed with discovery, as previously set forth in the Court's March 10, 2010 and April 16, 2010 Orders.

SO ORDERED.

Dated:   April 22, 2010
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE